CROSS–COUNTRY BANK, a Delaware corporation; Applied Card Systems, Inc., a Delaware Corporation, Plaintiffs–Appellants,

v.

Dana KLUSSMAN, an individual, Defendant–Appellee.

No. 02–16058.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.[1]

Decided Sept. 8, 2003.

William L. Stern, Esq., Daniel J. O'Rielly, Esq., Severson & Werson, San Francisco, CA, Alan S. Kaplinsky, Esq., Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, for Plaintiffs–Appellants.

Robert J. Donovan, Esq., Robert W. Mills, Esq., The Mills Law Firm, San Rafael, CA, Kenneth G. Gilman, Esq., Gilman

---

1. The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a).

& Pastor, LLP, Saugus, MA, for Defendant–Appellee.

Before: SILVERMAN and GOULD, Circuit Judges, and WEINER, District Judge.[2]

## MEMORANDUM [3]

The issue raised in this appeal is whether Section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1831d(a), completely preempts state law claims for breach of contract and fraud arising from appellant's credit card policies. This case was originally set for argument on February 11, 2003. That argument date was vacated pending the Supreme Court's decision in *Beneficial Nat'l. Bank v. Anderson*, —— U.S. ——, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). After the decision was handed down, we invited supplemental briefing to address the impact of that case on our decision. Having reviewed the parties' submissions, we find it appropriate to remand the case to the district court for further proceedings.

The district court based its decision that Klussman's claims were not completely preempted by Section 521—and that federal question jurisdiction therefore did not exist to support their removal—upon the opinion of the Eleventh Circuit which the Supreme Court reversed in *Anderson*. That case involved a related statute, 12 U.S.C. § 86, governing usury claims against federally chartered banks.

The substantive factual allegations against CCB, stated succinctly, are that the bank

1. automatically, and without prior consent, enrolls customers in its Applied Advantage Program for which it charges a fee.

2. charges an interest rate (alleged to be excessive) that is not disclosed.

3. charges customers, without prior authorization, fees for an illusory credit account protection service.

4. has engaged in a fraudulent "late fee scheme" whereby it purposefully mails its bills late, and fails to promptly credit payments as they are remitted.

5. deceptively notifies customers that they have been pre-approved for an increase in their available credit line, without notifying the customers they will be charged a fee for the increase.

6. debits customer accounts without authorization, inadequately discloses fees and APRs applicable to cash advances.

7. misrepresents its service as a credit repair service, rather than high interest card.

8. fails to give its customers the disclosures required by Cal. Civil Code § 1789.

While it appears that the rationale of the Supreme Court's decision in *Anderson* would extend to usury claims against state chartered, federally insured banks such as CCB, we do not decide this question. Instead, we remand to the district court for it to consider and decide, in the first instance, whether and the extent to which any of these allegations are preempted under *Anderson* and applicable law, providing a basis for federal jurisdiction. The district court is also instructed to consider the impact, if any, of federal regulations,

---

**2.** Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

such as 12 C.F.R. § 7.4001(a), on the issue of whether the charges at issue in the complaint constitute "interest" or are otherwise of a nature as to require preemption of state law challenges.

Accordingly, we vacate the district court's prior opinion and remand the matter for further proceedings consistent with this disposition.

VACATED AND REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

